KIMBALL BROTHERS COMPANY, APPELLANT, V. MARY FITZ-
GERALD, APPELLEE.

FILED DECEMBER 5, 1908.  No. 15,380.

1. **Second Appeal: LAW OF CASE.** Where, in an action brought against
an administratrix personally for improvements made upon the
real property of the intestate, it is held that the evidence is
insufficient to show that the agent actually making the contract
had authority from the defendant so to do, the fact that upon a

second trial it appears that the property in question had been set off to the administratrix as dower does not call for a different disposition of the case; the evidence regarding the agency being the same as upon the former trial.

2. **Evidence:** AUTHORITY OF AGENT: CONCLUSIONS OF WITNESS. The authority of an agent to execute a particular contract cannot be proved by calling as a witness a third party, and asking him who had charge of the principal's business. Such a question calls for the conclusion of the witness, and is properly excluded upon that ground.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

O. B. *Polk* and R. S. *Mockett,* for appellant.

T. J. *Doyle, contra.*

CALKINS, C.

The first trial of this case resulted in a verdict and judgment for the plaintiff. It was brought to this court by defendant, and the judgment reversed in an opinion by ALBERT, C. (*Fitzgerald v. Kimball Bros. Co.,* 76 Neb. 236), to which we refer for a statement of the facts appearing on the former trial. The second trial in the district court resulted in a verdict for the defendant, and from a judgment rendered on this verdict the plaintiff appeals.

1. The opinion referred to discloses that the case was reversed for the reason that the evidence was insufficient to sustain the verdict. It was there held that the evidence was insufficient to support a finding that Mr. Manahan had authority to sign the contract; that the claim that the contract was ratified by the defendant could not be maintained because it did not appear that it was ever brought to her knowledge that he had exceeded his authority; and that she had a right to assume, as she saw the work progressing, that it was being executed according to the terms of the contract she had authorized Mr. Manahan to make. Upon neither of these points was any

additional or different testimony produced upon the second trial; but it was made to appear that the building in which the elevator was installed had been set apart to the defendant as part of her dower, and that she was entitled to a life estate therein. The plaintiff brought the action against the defendant personally on the theory that, the contract not being executed by her in her representative capacity of administratrix so as to bind the estate, it was her personal obligation. This claim was conceded by this court in the former opinion, and the discovery of the fact that she has a personal interest in the property does not render any of the reasons given for that decision inapplicable.

2. On the second trial the plaintiff called as a witness Mr. Adams, a practicing attorney, who testified that he was acquainted with the Fitzgerald estate in a general way, and knew of Mrs. Fitzgerald's acting as administratrix; that he had had business with the estate, and that he knew who had the charge and general management of the Fitzgerald estate; that he knew the office of Mrs. Fitzgerald; and that when he found anybody there it was Mr. Manahan. Having laid this foundation, the plaintiff asked: "Do you know who had general charge of Mary Fitzgerald's business during the year 1901 and some time prior thereto?" This question was objected to on the ground that it called for the conclusion of the witness, and was incompetent, immaterial and irrelevant. The objection was sustained, and this action of the court is now assigned as error. We think this question was objectionable as calling for the conclusion of the witness. The plaintiff had the benefit of the facts detailed by the witness, and the inferences to be made from those facts should be drawn by the jury, and not by the witness. The additional evidence produced by the plaintiff upon the second trial does not add any material fact to the evidence which was held insufficient to support the former verdict, and the court would have been justified in directing a verdict for the defendant upon the second trial.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.